United States District Court
Southern District of Texas
**ENTERED**
September 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CALVIN RAY HYDER (TDCJ #00458495), § § § Plaintiff, § § vs. § WARDEN RONALD IVEY, *et al.*, § § Defendants. § | CIVIL ACTION NO. H-23-3090 |

**MEMORANDUM OPINION AND ORDER**

Representing himself, Calvin Ray Hyder, an inmate in the Polunsky Unit of the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ"), filed a pleading entitled "Common Law Alternative Writ." (Docket Entry No. 1). In that pleading, Hyder alleges that defendants Warden Ronald Ivey, Warden Billy Jackson, and Warden Dan Enriquez, all of TDCJ's Polunsky Unit, have violated, and are continuing to violate, his Eighth Amendment rights. (*Id.* at 1-2). Hyder has neither paid the filing fee nor filed a motion to proceed without prepaying the filing fee. Because Hyder is not eligible to proceed in this action without prepaying the filing fee, the court dismisses his action. The reasons are explained below.

**I.     Background**

In his initial pleading, Hyder alleges that on August 9, 2023, the defendants, or those under their supervision, ordered Hyder to move from his cell in Building 8 to a cell in Building 11. (Docket Entry No. 1, p. 1). Hyder alleges that when he arrived in Building 11, it was extremely hot, and he told prison officials that he could not stay there. (*Id.*). The officials required Hyder to stay in Building 11. (*Id.*). Several days later, Hyder began suffering from "heat attacks," during

which he would sweat profusely. (*Id.*). He alleges that he was unable to sleep due to the heat and has since broken out in a heat rash. (*Id.*). He also alleges that he feels "heat drained" and occasionally feels faint. (*Id.*). Hyder alleges that Building 11 is air-conditioned but that the defendants are refusing to turn on the air-conditioning out of malice. (*Id.*).

In addition to his allegations about excessive heat, Hyder alleges that on August 11, 2023, he met with prison classification officers, after which Warden Ivey reassigned him to a cell in Building 7. (*Id.*). Hyder alleges that there are gang-member inmates in Building 7 who have tried to kill him in the past at the request of unidentified prison guards. (*Id.* at 1-2). He alleges that this has been an ongoing problem and that he has told the defendants about it, but the defendants will not do anything because his complaint is against prison officials rather than inmates. (*Id.* at 2).

Hyder alleges that he is in imminent danger from the excessive heat, from the gang-member inmates in Building 7, and from hunger due to the "small portions of food" he is served. (*Id.* at 2). He seeks an award of $50,000 in damages for his heat rash and a transfer to a different TDCJ unit. (*Id.*).

Shortly after he filed his initial pleading, Hyder filed a second pleading, also entitled a "Common Law Alternative Writ." (Docket Entry No. 3). This second pleading contains essentially the same allegations as the first one, but Hyder adds an allegation that there are also gang-member inmates in Building 11. (*Id.* at 1). He alleges that these gang-member inmates have homemade weapons that they "scrape on the floor to intimidate" him. (*Id.* at 2). Hyder also alleges that the defendants continue to refuse to turn on the air-conditioning in Building 11, which he asserts is a violation of TDCJ's rules and policies. (*Id.*). In addition, Hyder alleges that the defendants have ignored his request for medical treatment for his heat rash. (*Id.*). Hyder again

2

asks for $50,000 in damages for his rash, as well as an order requiring the defendants to turn on the air-conditioning in Building 11 and transfer him to another TDCJ unit. (*Id.*).

**II.     Discussion**

Hyder labeled his initial pleading and second pleading as a "Common Law Alternative Writ." An "alternative writ" is neither the title of a pleading nor an independent cause of action. Instead, under the common law, a court could issue an "alternative writ" to order a public official to answer a petition for a writ of mandamus filed by a citizen who was seeking to compel the public official to fulfill nondiscretionary public duties. *See* 17 McQuillin, Municipal Corporations § 51.69 (3d rev. ed. 2023). Hyder's pleadings do not seek to compel public officials to fulfill their nondiscretionary public duties. His pleading seeking an "alternative writ" is misnamed.

But the label Hyder has placed on his pleadings does not control how the court construes them. Instead, the court must construe pleadings filed by a self-represented litigant based on the substance of the claims alleged. *See Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) ("We have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." (citing *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir.1996) (en banc))). Based on the substance of Hyder's pleadings, the court could plausibly construe them as either a petition for a writ of mandamus or a complaint for a violation of civil rights under 42 U.S.C. § 1983. But Hyder may not proceed with either action without prepaying the filing fee.

Because Hyder is a state prisoner, his action, whether construed as a mandamus petition or a civil rights complaint, is subject to the Prison Litigation Reform Act (PLRA), which imposes a payment obligation "on prisoners desiring to appear *in forma pauperis* in certain proceedings." *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997); *see also* 28 U.S.C. § 1915(b). While most civil

3

litigants who qualify as indigent may pursue their claims without paying the filing fee, the PLRA requires "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding" to pay the full amount of the filing fee, over time if necessary. 28 U.S.C. § 1915(b)(1), (2).

While the "plain language of the [PLRA] does not expressly encompass a writ of mandamus," the PLRA fee provisions may apply to a prisoner's mandamus petition depending on the nature of the underlying claims. *In re Stone,* 118 F.3d at 1034; *see also Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (per curiam). Generally, the PLRA fee provisions "apply to mandamus actions that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." *Santee*, 115 F.3d at 357 (the PLRA fee provisions did not apply to a mandamus petition asking the court to order the state courts to take action on a pending habeas application); *compare In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (applying the PLRA fee provisions to a mandamus petition arising from a civil rights action). This court has interpreted these cases to mean that the PLRA "does not apply to mandamus actions . . . which concern an underlying state court conviction, rather than a civil rights violation of the sort actionable under 42 U.S.C. § 1983." *Williams v. Texas Ct. of Crim. Appeals*, No. CV H-20-0708, 2020 WL 1105112, at *1 n.7 (S.D. Tex. Mar. 6, 2020) (citing *In re Stone*, 118 F.3d at 1034), *appeal dismissed,* 815 F. App'x 784 (5th Cir. 2020).

The allegations in Hyder's pleadings do not concern any aspect of his underlying state court conviction, and he has no pending criminal actions against him. Hyder's pleadings instead request the type of relief normally raised in a civil rights action under § 1983. Actions under § 1983 are used to obtain relief from a state actor's violation of a person's rights under federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Hyder's pleadings seek monetary and injunctive relief

based on the defendants' alleged violations of his rights under the Eighth Amendment. He specifically alleges that he is suing the defendants in their official and individual capacities for actions they have taken under color of state law. (Docket Entry No. 1, p. 2). Because Hyder's allegations seek the type of relief available in a § 1983 action, he is subject to the PLRA fee provisions regardless of whether the court construes his pleadings as a mandamus petition or a civil rights complaint.

In addition to requiring indigent prisoners to pay the full filing fee in installments, the PLRA prohibits prisoners who have abused the privilege of proceeding without prepaying the filing fee from filing new actions without prepaying the filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the PLRA's "three-strikes rule," a prisoner may not bring a civil action without prepaying the filing fee if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

A national case index reflects that, while he has been incarcerated, Hyder has filed more than 50 lawsuits and 26 appeals in the federal courts. At least nine of these actions and appeals have been dismissed as frivolous or malicious. *See, e.g., Hyder v. Pillows, et al.,* No. 6:89-cv-132 (E.D. Tex. June 12, 1991); *Hyder v. Davis, et al.*, No. 2:95-cv-609 (S.D. Tex. July 3, 1996); *Hyder v. Navarro, et al.*, 116 F.3d 475, 1997 WL 255637 (5th Cir. Apr. 15, 1997); *Hyder v. Collins, et al.*, 114 F.3d 1182, 1997 WL 256839 (5th Cir. Apr. 11, 1997); *Hyder v. Figueroa, et al.*, No. 4:97-cv-3734 (S.D. Tex. June 8, 1998); *Hyder v. Sanderson*, 73 F. App'x 80, 2003 WL 21756803 (5th

Cir. June 24, 2003); *Hyder v. Polunsky Unit Staff*, No. 4:18-cv-276 (S.D. Tex. Feb. 26, 2018); *Hyder v. Warden Perez, et al.*, No. 4:18-cv-4179 (S.D. Tex. Nov. 5, 2018); *Hyder v. Barber, et al.*, No. 4:18-cv-4495 (S.D. Tex. Dec. 4, 2018). As a result, Hyder has accumulated three strikes for purposes of the PLRA's three-strikes rule, and he is barred from proceeding with this civil action without prepaying the filing fee unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

To try to take advantage of the statutory exception, Hyder alleges that he is in imminent danger of serious physical injury from both the gang-member inmates who are trying to kill him and the excessive heat. The imminent danger exception is intended to apply to "genuine emergencies, where time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). The threat of serious physical injury must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). General allegations of imminent danger that are not grounded in specific facts are not sufficient to invoke the exception. *See Hyder v. Obama*, No. 5:11-cv-26, 2011 WL 1113496, at *3 (E.D. Tex. Mar. 11, 2011), *report adopted by* 2011 WL 1100126 (E.D. Tex. Mar. 24, 2011); *Valdez v. Bush,* No. 3:08-cv-1481, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008). Neither are allegations that are conclusory or ridiculous. *See Ciarpaglini*, 352 F.3d at 331.

Hyder's allegations are not sufficient to satisfy the PLRA's imminent-danger exception. As to his claims of threatened harm from other inmates, Hyder alleges that "if he is sent to 7-building," he is in danger of being harmed or killed by gang-member inmates who are assigned there. (Docket Entry No. 1, p. 2). But Hyder is currently assigned to Building 11, not Building 7. And while Hyder alleges that he was told that he has been reassigned to Building 7, his pleadings

6

do not show when, if ever, he will actually be moved to that building or that the gang-member inmates he fears will still be there when he is moved. In addition, Hyder does not allege that any of the alleged gang-member inmates in Building 11 have either threatened or harmed him; only that they take actions that intimidate him. Hyder's allegation that he fears harm at some unspecified time in the future from unidentified inmates allegedly acting on orders from unnamed prison officials are insufficient to establish that he is in imminent danger of serious physical injury.[1] *See Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) ("Cloud's bare assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants does not rise to the level of a showing that he was in 'imminent danger of serious physical injury' when he filed his complaint."). Hyder cannot avoid the three-strikes bar "by claiming that [he is] in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-00006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019).

As to his claims of excessive heat, Hyder alleges that he is in imminent danger of serious physical injury because he has been sweating profusely, can barely sleep, is suffering from a heat rash, and sometimes feels faint. (Docket Entry No. 1, pp. 1-2). The Fifth Circuit has held that allegations of exposure to extreme heat and harsh living conditions in prison do not satisfy the imminent danger exception unless the inmate establishes that those conditions create an imminent danger of serious physical injury to that inmate, rather than discomfort to inmates in general. *Compare Jackson v. Pittman,* 847 F. App'x 227 (5th Cir. 2021) (an inmate satisfied the imminent

---

[1] The court notes that Hyder has been claiming for more than seven years that wardens and prison officials are trying to kill him, either on their own or by using gang-member inmates. *See Hyder v. Polunsky Unit*, No. 4:22-cv-3714 (S.D. Tex. Nov. 3, 2022); *Hyder v. Jackson*, No. 4:22-cv-2730 (S.D. Tex. Aug. 17, 2022); *Hyder v. Perez, et al.*, No. 4:18-cv-4179 (S.D. Tex. Nov. 5, 2018); *Hyder v. Polunsky Unit Staff*, No. 4:18-cv-276 (S.D. Tex. Feb. 26, 2018); *Hyder v. Wynne Unit*, No. 4:16-cv-2888 (S.D. Tex. Sept. 29, 2016).

danger exception because his medical heat restrictions were violated by the lack of air conditioning), *and Washington v. Collier*, No. 2:18-cv-221, 2018 WL 8996273 (S.D. Tex. Oct. 30, 2018) (an inmate satisfied the imminent danger exception because the extreme heat violated his medical heat restrictions), *with Moore v. Collier*, No. 4:20-cv-2777, 2020 WL 6937815 (S.D. Tex. Sept. 30, 2020) (allegations of serious harm that "may result" when inmates are exposed to extreme heat are not sufficient to satisfy the imminent danger exception to the three-strikes rule).

Hyder's allegations do not meet the required standard. Unlike the inmates in *Jackson* and *Washington*, Hyder does not have a medical heat restriction that is being violated by the alleged lack of air conditioning in Building 11. Hyder does not allege that he has requested and been denied respite time or cooling showers. Instead, he alleges that Building 11 is air-conditioned but that the defendants are refusing to turn on the air conditioning. While these allegations plead facts that could show that conditions inside Building 11 are unpleasant and that Hyder is uncomfortable, he has not alleged facts showing that he is at imminent risk of serious physical injury due to the heat. His allegations are insufficient to fall within the exception to the three-strikes rule.

Because Hyder does not allege facts sufficient to establish that he is currently in imminent danger of serious physical injury, he is barred by the PLRA three-strikes rule, 28 U.S.C. § 1915(g), from proceeding with this action without prepaying the filing fee. His action is dismissed without prejudice.

### III. Conclusion

Hyder's civil rights complaint, (Docket Entry No. 1), is dismissed without prejudice under 28 U.S.C. § 1915(g). Any other pending motions are denied as moot. Hyder may move to reinstate this action only if he prepays the full amount of the filing fee for a civil action ($402.00) within 30 days from the date of this order.

**The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED on September 7, 2023, at Houston, Texas.

                                                  Lee H. Rosenthal
                                        United States District Judge